UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **THE GOODYEAR TIRE & RUBBER COMPANY,**  1144 EAST MARKET STREET  AKRON, OH 44316 ) ) ) ) ) | Case No. _____ |
| *Plaintiff*, ) ) | |
| v. ) ) | Judge: _____ |
| **TRAVELERS CASUALTY AND SURETY COMPANY (f/k/a AETNA CASUALTY AND SURETY COMPANY),** ONE TOWER SQUARE  HARTFORD, CT 06183 ) ) ) ) ) | **COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF** |
| ADDRESS OF STATUTORY AGENT:  CSC - LAWYERS INCORPORATING SERVICE  50 W. BROAD STREET, SUITE 1800  COLUMBUS, OH 43215 ) ) ) ) ) ) | **Jury Demand Endorsed Hereon** |
| **AND** ) ) | |
| **TRAVELERS INDEMNITY COMPANY,** ONE TOWER SQUARE  HARTFORD, CT 06183 ) ) ) ) | |
| ADDRESS OF STATUTORY AGENT:  CSC - LAWYERS INCORPORATING SERVICE  50 W. BROAD STREET, SUITE 1800  COLUMBUS, OH 43215 ) ) ) ) ) ) | |
| *Defendants*. ) ) | |

Plaintiff The Goodyear Tire & Rubber Company ("Goodyear"), by way of its Complaint against Defendants Travelers Casualty and Surety Company f/k/a Aetna Casualty and Surety Company ("Travelers Casualty"), and Travelers Indemnity Company ("Travelers Indemnity"), alleges as follows:

## NATURE OF THIS ACTION

1.     This is an action for money damages for breach of contract and for declaratory relief pursuant to 28 U.S.C. § 2201, arising out of the failure of Travelers Casualty and Travelers Indemnity to acknowledge and honor their obligations under primary and umbrella general liability policies issued to Goodyear and to provide insurance coverage for Goodyear pursuant to their obligations under those policies for Asbestos Products Claims (as defined below) and Asbestos Premises Claims (as defined below).  This action presents an actual controversy of sufficient immediacy and magnitude to justify the issuance of declaratory relief by the Court. Goodyear seeks:

(a)     Money damages in excess of $75,000.00 and other relief, including attorneys' fees and pre-judgment and post-judgment interest, for breach of contract by Travelers Casualty and Travelers Indemnity, which have breached their obligations under the insurance policies at issue by failing to honor their insurance coverage obligations due to Goodyear for Asbestos Products Claims (as defined below) and Asbestos Premises Claims (as defined below).

(b)     A declaration of the rights, duties, and obligations of Travelers Casualty for coverage for Asbestos Premises Claims (as defined below) under primary liability insurance policies issued to Goodyear by Travelers Casualty's predecessor, Aetna Casualty and Surety Company ("Aetna"), in the time period from 1961 to 1971.

2

(c)     A declaration of the rights, duties, and obligations of Travelers Indemnity for coverage for Asbestos Premises Claims (as defined below) under primary liability insurance policies issued to Goodyear by Travelers Indemnity, in the time period from 1971 to 1977.

(d)     A declaration of the rights, duties, and obligations of Travelers Casualty for coverage for Asbestos Products Claims (as defined below) under an umbrella liability insurance policy issued to Goodyear by Travelers Casualty's predecessor, Aetna, in the time period from 1968 to 1971.

(e)     A declaration of the rights, duties, and obligations of Travelers Indemnity for coverage for Asbestos Products Claims (as defined below) under umbrella liability insurance policies issued to Goodyear by Travelers Indemnity in the time period from 1973 to 1980.

## PARTIES

2.     Plaintiff Goodyear, is a corporation organized under the laws of Ohio, with its principal place of business in Akron, Ohio.

3.     Defendant Travelers Casualty, formerly known as Aetna Casualty and Surety Company, is a corporation organized under the laws of Connecticut, with its principal place of business in Hartford, Connecticut.  Travelers Casualty is engaged in the business of selling insurance, and it is licensed to do business, and does business, in the State of Ohio.

4.     Defendant Travelers Indemnity, is a corporation organized under the laws of Connecticut, with its principal place of business in Hartford, Connecticut.  Travelers Indemnity is engaged in the business of selling insurance, and it is licensed to do business, and does business, in the State of Ohio.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

6.      This Court has personal jurisdiction over Travelers Casualty because Travelers Casualty (and its predecessor, Aetna Casualty and Surety Company), within the time periods relevant to the claims asserted herein, have been licensed or approved to conduct business in Ohio, have in fact transacted business in Ohio, have contracted to insure persons, property, or risks located within Ohio, and/or have otherwise conducted activities or maintained sufficient contacts to place them within the personal jurisdiction of this Court.

7.      This Court has personal jurisdiction over Travelers Indemnity because Travelers Indemnity, within the time periods relevant to the claims asserted herein, has been licensed or approved to conduct business in Ohio, has in fact transacted business in Ohio, has contracted to insure persons, property, or risks located within Ohio, and/or has otherwise conducted activities or maintained sufficient contacts to place it within the personal jurisdiction of this Court.

8.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).  A substantial part of the events or omissions giving rise to the claims occurred in the Northern District of Ohio, where Goodyear maintains its principal place of business.

## THE UNDERLYING CLAIMS

### The Asbestos Products Claims

9.      For many years, Goodyear has been named as a defendant in tens of thousands of lawsuits in which claimants allege injury from alleged exposure to asbestos-containing products allegedly manufactured, sold, installed or distributed by Goodyear ("Asbestos Products Claims").  Claimants in the Asbestos Products Claims typically allege that they or their

4

decedents suffered injury from exposure to asbestos through their use of or exposure to Goodyear products, and that many years after such alleged exposure, they were diagnosed with asbestos-related injuries or disease.

10.     Goodyear has incurred hundreds of millions of dollars in defense and indemnity costs for Asbestos Products Claims, and Goodyear reasonably anticipates that it will incur additional defense and indemnity costs in the future as a result of claims similar to the Asbestos Products Claims that it reasonably anticipates will be asserted against it in the future.

11.     The injuries for which Goodyear is allegedly responsible as asserted in the Asbestos Products Claims are alleged to have occurred over time, including during the policy periods of the liability insurance policies issued by Travelers Casualty and Travelers Indemnity to Goodyear.

12.     Goodyear has provided notice of the Asbestos Products Claims to Travelers Casualty and Travelers Indemnity.

13.     Travelers Casualty and Travelers Indemnity are both familiar with the facts and allegations regarding Goodyear's Asbestos Products Claims and with the amounts of defense and indemnity costs incurred in connection with those claims.

**The Asbestos Premises Claims**

14.     For many years, Goodyear has been named as a defendant in thousands of lawsuits in which claimants allege injury from alleged exposure to asbestos-containing products at premises allegedly owned, operated or leased by Goodyear ("Asbestos Premises Claims"). Claimants in the Asbestos Premises Claims typically allege that they or their decedents suffered injury from exposure to asbestos while on premises owned, operated, or leased by Goodyear, and that many years after such alleged exposure, they were diagnosed with asbestos-related injuries or diseases.

5

15.    Goodyear has incurred tens of millions of dollars in defense and indemnity costs for Asbestos Premises Claims, and Goodyear reasonably anticipates that it will incur additional defense and indemnity costs in the future as a result of claims similar to the Asbestos Premises Claims that it reasonably anticipates will be asserted against it in the future.

16.    The injuries for which Goodyear is allegedly responsible as asserted in the Asbestos Premises Claims are alleged to have occurred over time, including during the policy periods of the liability insurance policies issued by Travelers Casualty and Travelers Indemnity to Goodyear.

17.    Goodyear has provided notice of the Asbestos Premises Claims to Travelers Casualty and Travelers Indemnity.

18.    Travelers Casualty and Travelers Indemnity are both familiar with the facts and allegations regarding Goodyear's Asbestos Premises Claims and with the amounts of defense and indemnity costs incurred in connection with those claims.

## THE LIABILITY INSURANCE POLICIES AT ISSUE

### The Aetna Primary Policies

19.    Aetna Casualty and Surety Company ("Aetna"), n/k/a Travelers Casualty was Goodyear's primary general liability insurer for ten consecutive years.  In the periods of 1961 to 1971, Aetna issued to Goodyear the primary liability policies ("Aetna Primary Policies") that are identified on Exhibit 1 hereto.

20.    Each of the Aetna Primary Policies provides primary general liability coverage for Asbestos Products Claims and Asbestos Premises Claims.

21.    The Aetna Primary Policies require that Aetna shall pay on behalf of Goodyear "all sums which [Goodyear] shall become legally obligated to pay as damages because of bodily injury" caused by accident or occurrence.

6

22.     The Aetna Primary Policies also require that Aetna defend Goodyear in claims against Goodyear alleging injury and seeking damages, even if the claim is groundless, false or fraudulent.

23.     Travelers Casualty is responsible for all of Aetna's duties, rights, and obligations under the Aetna Policies.  In or around 1996, Travelers Casualty purchased Aetna's property-casualty insurance operations and assumed all of Aetna's duties, rights, and obligations under the Aetna Primary Policies.

24.     Travelers Casualty and Goodyear have a dispute as to the scope of Travelers Casualty's obligations under the Aetna Primary Policies to pay defense and indemnity costs incurred after January 28, 2013 for Asbestos Premises Claims.

25.     Goodyear has duly performed and complied with all of the terms and conditions of the Aetna Primary Policies and/or such performance has been excused, and Goodyear is entitled to the full benefits and protections provided by the Aetna Primary Policies with respect to the Asbestos Premises Claims.

### The Travelers Primary Policies

26.     Travelers Indemnity was Goodyear's primary general liability insurer for six consecutive years.  In the periods of 1971 to 1977, Travelers Indemnity issued the primary liability policies ("Travelers Primary Policies") that are identified on Exhibit 1 hereto.

27.     Each of the Travelers Primary Policies provides primary general liability coverage for Asbestos Products Claims and Asbestos Premises Claims.

28.     The Travelers Primary Policies require that Travelers Indemnity shall pay on behalf of Goodyear "all sums which [Goodyear] shall become legally obligated to pay as damages because of bodily injury" caused by an occurrence.

29.     The Travelers Primary Policies also require Travelers Indemnity to defend Goodyear in claims against Goodyear alleging injury and seeking damages, even if the claim is groundless, false or fraudulent.

30.     Travelers Indemnity and Goodyear have a dispute as to the extent of Travelers Indemnity's obligations under the Travelers Primary Policies to pay defense and indemnity costs incurred after January 28, 2013 for Asbestos Premises Claims.

31.     Goodyear has duly performed and complied with all of the terms and conditions of the Travelers Primary Policies and/or such performance has been excused, and Goodyear is entitled to the full benefits and protections provided by the Travelers Primary Policies with respect to the Asbestos Premises Claims.

**The Aetna Umbrella Policy**

32.     Aetna Casualty and Surety Company n/k/a Travelers Casualty and Surety Company issued an umbrella liability policy ("Aetna Umbrella Policy") as identified on Exhibit 1 hereto.

33.     The Aetna Umbrella Policy is a multi-year umbrella policy that sits in the second-layer of coverage directly above certain of the Aetna Primary Policies.  The Aetna Umbrella Policy has an attachment point of $1 million.  The primary policies underlying the Aetna Umbrella Policy have $1 million per occurrence limits.

34.     The Aetna Umbrella Policy requires Travelers Casualty to indemnify Goodyear for "all sums which [Goodyear] shall become legally obligated to pay as damages and expenses" because of bodily injury caused by an occurrence, once its attachment point is reached.

35.     Damages covered by the Aetna Umbrella Policy include costs of settlements and adjudications of the Asbestos Products Claims.  Expenses covered by the Aetna Umbrella Policy include defense costs of the Asbestos Products Claims.

36.     The Asbestos Products Claims include claims that allege exposure during the Aetna Umbrella Policy period.  The primary policy per occurrence limits underlying the Aetna Umbrella Policy are exhausted with respect to Asbestos Products Claims.  The attachment point of the Aetna Umbrella Policy has been reached by costs incurred for the Asbestos Products Claims, and the Aetna Umbrella Policy thus is required to respond.

37.     Travelers Casualty is responsible for all of Aetna's duties, rights, and obligations under the Aetna Umbrella Policy.  In or around 1996, Travelers Casualty purchased Aetna's property-casualty insurance operations and assumed all of Aetna's duties, rights, and obligations under the Aetna Umbrella Policy.

38.     Travelers Casualty has declined to honor its coverage obligations due under the Aetna Umbrella Policy for Asbestos Products Claims.

39.     Travelers Casualty and Goodyear have a dispute about the scope of Travelers Casualty's obligations to pay coverage under the Aetna Umbrella Policy.

40.     Goodyear has duly performed and complied with all of the terms and conditions of the Aetna Umbrella Policy and/or such performance has been excused, and Goodyear is entitled to the full benefits and protections provided by the Aetna Umbrella Policy with respect to the Asbestos Products Claims.

**The Travelers Umbrella Policies**

41.     Travelers Indemnity was Goodyear's umbrella general liability insurer for seven consecutive years.  In the periods of July 1, 1973 to July 1, 1980, Travelers Indemnity issued the umbrella liability policies (the "Travelers Umbrella Policies") to Goodyear that are identified on Exhibit 1 hereto.

9

42.     The Travelers Umbrella Policies contain per occurrence limits that exceed hundreds of millions of dollars.

43.     The Travelers Umbrella Policies issued during the periods from July 1, 1973 to January 1, 1977, sit directly above certain of the Travelers Primary Policies.

44.     The Travelers Umbrella Policies issued during the periods from January 1, 1977 through July 1, 1980, sit directly above deductibles.

45.     The primary policy per occurrence limits and deductibles underlying the Travelers Umbrella Policies are exhausted with respect to Asbestos Products Claims.  The attachment points of all of the Travelers Umbrella Policies have been reached by costs incurred for Asbestos Products Claims, and the Travelers Umbrella Policies thus are required to respond.

46.     The Insuring Agreements of the Travelers Umbrella Policies require Travelers Indemnity to indemnify Goodyear "for all sums which [Goodyear] shall become obligated to pay by reason of the liability imposed by law upon the insured, or assumed by the insured under any contract, for damages in excess of the retained limit because of bodily injury" to which the policies apply.

47.     The Travelers Umbrella Policies also obligate Travelers Indemnity to defend any suit against Goodyear alleging injury and seeking damages, even if the claim is groundless, false or fraudulent, upon the exhaustion of the applicable underlying primary policy limit or underlying deductible, as applicable.

48.     The retained limit for the Travelers Umbrella Policies is the greater of the applicable limit of liability of the underlying primary insurance policy or the deductible amount.

49.     The retained limit for the Travelers Umbrella Policies issued during the period from July 1, 1973 to January 1, 1977 is the per occurrence limits of the primary policies issued to

Goodyear by Travelers Indemnity in that period that directly underlie the Travelers Umbrella Policies.  The per occurrence limits of these primary policies are $1 million for the policies issued in the 1973 to 1976 period, and $1.5 million for the policy issued in the 1976-1977 period.

50.     The per occurrence limits of all of the primary policies underlying the Travelers Umbrella Policies in the periods from July 1, 1973 to January 1, 1977 are exhausted for Asbestos Products Claims.  The attachment point for those Travelers Umbrella Policies thus is reached for the Asbestos Products Claims.

51.     The retained limit for the Travelers Umbrella Polices issued during the period from January 1, 1977 through July 1, 1980 is the $1.5 million per occurrence deductibles that directly underlie the Travelers Umbrella Policies.

52.     All of the deductibles underlying the Travelers Umbrella Policies in the periods from January 1, 1977 through July 1, 1980, have been exhausted for the Asbestos Products Claims.  The attachment point for those Travelers Umbrella Policies thus is reached for the Asbestos Products Claims.

53.     Travelers Indemnity has declined to honor its coverage obligations due under the Travelers Umbrella Policies for Asbestos Products Claims.

54.     Travelers Indemnity and Goodyear have a dispute about the scope of Travelers Indemnity's obligations to pay coverage under the Travelers Umbrella Policies.

55.     Goodyear has duly performed and complied with all of the terms and conditions of the Travelers Umbrella Policies and/or such performance has been excused, and Goodyear is entitled to the full benefits and protections provided by the Travelers Umbrella Policies with respect to the Asbestos Products Claims.

## FIRST CAUSE OF ACTION
**(Breach of Contract by Travelers Casualty Under Aetna Primary Policies)**

56.     Goodyear hereby incorporates paragraphs 1 through 55 of this Complaint, as if fully set forth herein.

57.     Travelers Casualty has breached its contractual obligations by its failure to commit to coverage for defense and indemnity costs after January 28, 2013 for Asbestos Premises Claims under the Aetna Primary Policies.

58.     As a direct result of Travelers Casualty's breach of the Aetna Primary Policies, Goodyear is deprived of the benefit of the insurance coverage for which it has paid substantial premiums.

59.     As a direct result of Travelers Casualty's breach of the Aetna Primary Policies, Goodyear has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

60.     As a direct and proximate result of the aforesaid actions by Travelers Casualty, Goodyear has been damaged in excess of $75,000.00 in an amount to be proved at trial for all damages, costs and payments, and all other sums incurred to date.

## SECOND CAUSE OF ACTION
**(Breach of Contract by Travelers Indemnity Under Travelers Primary Policies)**

61.     Goodyear hereby incorporates paragraphs 1 through 60 of this Complaint, as if fully set forth herein.

62.     Travelers Indemnity has breached its contractual obligations by its failure to commit to coverage for defense and indemnity costs after January 28, 2013 for Asbestos Premises Claims under the Travelers Primary Policies.

63.     As a direct result of Travelers Indemnity's breach of the Travelers Primary Policies, Goodyear is deprived of the benefit of the insurance coverage for which it has paid substantial premiums.

64.     As a direct result of Travelers Indemnity's breach of the Travelers Primary Policies, Goodyear has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

65.     As a direct and proximate result of the aforesaid actions by Travelers Indemnity, Goodyear has been damaged in excess of $75,000.00 in an amount to be proved at trial for all damages, costs and payments, and all other sums incurred to date.

## THIRD CAUSE OF ACTION
### (Breach of Contract by Travelers Casualty Under Aetna Umbrella Policy)

66.     Goodyear hereby incorporates paragraphs 1 through 65 of this Complaint, as if fully set forth herein.

67.     Travelers Casualty has breached its contractual obligations by refusing to make payments to or on behalf of Goodyear in fulfillment of its obligations to provide coverage for Goodyear for defense and indemnity costs for Asbestos Products Claims as required under the Aetna Umbrella Policy.

68.     As a direct result of Travelers Casualty's breach of the Aetna Umbrella Policy, Goodyear has been and will be deprived of the benefit of the insurance coverage for which it has paid substantial premiums.

69.     As a direct result of Travelers Casualty's breach of the Aetna Umbrella Policy, Goodyear has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

70.     As a direct and proximate result of the aforesaid actions by Travelers Casualty, Goodyear has been damaged in excess of $75,000.00 in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

## FOURTH CAUSE OF ACTION
### (Breach of Contract by Travelers Indemnity Under Travelers Umbrella Policies)

71.     Goodyear hereby incorporates paragraphs 1 through 70 of this Complaint, as if fully set forth herein.

72.     Travelers Indemnity has breached its contractual obligations by refusing to make payments to or on behalf of Goodyear in fulfillment of its duty to defend and indemnify Goodyear for Asbestos Products Claims as required under the Travelers Umbrella Policies.

73.     As a direct result of Travelers Indemnity's breach of the Travelers Umbrella Policies, Goodyear has been and will be deprived of the benefit of the insurance coverage for which it has paid substantial premiums.

74.     As a direct result of Travelers Indemnity's breach of the Travelers Umbrella Policies, Goodyear has been forced to incur and will continue to incur additional consequential damages, including without limitation, attorneys' fees and other expenses in bringing this action.

75.     As a direct and proximate result of the aforesaid actions by Travelers Indemnity, Goodyear has been damaged in excess of $75,000.00 in an amount to be proved at trial for all unreimbursed damages, costs and payments, and all other sums incurred to date.

## FIFTH CAUSE OF ACTION
### (Declaratory Judgment Against Travelers Casualty -- Duty to Defend and
### Duty to Indemnify for Asbestos Premises Claims Under Aetna Primary Policies)

76.     Goodyear hereby incorporates paragraphs 1 through 75 of this Complaint, as if fully set forth herein.

77.     Goodyear seeks a declaratory judgment pursuant to 28 U.S.C. § 2201.  An actual and justiciable controversy has arisen and now exists between Goodyear and Travelers Casualty concerning Travelers Casualty's rights, duties, and obligations under the Aetna Primary Policies in connection with the Asbestos Premises Claims, and with respect to Travelers Casualty's rights, duties, and obligations under the Aetna Primary Policies for similar such claims that Goodyear reasonably anticipates will be brought against it in the future.  This controversy is of sufficient immediacy and magnitude to justify the issuance of declaratory relief by this Court.

78.     Under the Aetna Primary Policies, Travelers Casualty has a duty to defend and to indemnify Goodyear with respect to the Asbestos Premises Claims and with respect to any and all similar such claims brought against Goodyear in the future.

79.     There is a dispute between Travelers Casualty and Goodyear as to the scope of Travelers Casualty's obligations to defend and indemnify Goodyear for Asbestos Premises Claims.

80.     A judicial declaration is necessary and appropriate at this time so that Goodyear and Travelers Casualty may ascertain their rights, duties, and obligations under the Aetna Primary Policies in connection with Asbestos Premises Claims.  The issuance of declaratory relief will terminate some or all of the existing controversy between the parties.

81.     Goodyear seeks a determination that, pursuant to the terms of the Aetna Primary Policies, Travelers Casualty has a duty to defend and indemnify Goodyear, for periods after January 28, 2013, with respect to the Asbestos Premises Claims and any similar claims that may be asserted against Goodyear in the future.

**SIXTH CAUSE OF ACTION**
**(Declaratory Judgment Against Travelers Indemnity -- Duty to Defend and**
**Duty to Indemnify for Asbestos Premises Claims Under Travelers Primary Policies)**

82.     Goodyear hereby incorporates paragraphs 1 through 81 of this Complaint, as if fully set forth herein.

83.     Goodyear seeks a declaratory judgment pursuant to 28 U.S.C. § 2201.  An actual and justiciable controversy has arisen and now exists between Goodyear and Travelers Indemnity concerning Travelers Indemnity's rights, duties, and obligations under the Travelers Primary Policies in connection with the Asbestos Premises Claims, and with respect to Travelers Indemnity's rights, duties, and obligations under the Travelers Primary Policies for similar such claims that Goodyear reasonably anticipates will be brought against it in the future.  This controversy is of sufficient immediacy and magnitude to justify the issuance of declaratory relief by this Court.

84.     Under the Travelers Primary Policies, Travelers Indemnity has a duty to defend and to indemnify Goodyear with respect to the Asbestos Premises Claims and with respect to any and all similar such claims brought against Goodyear in the future.

85.     There is a dispute between Travelers Indemnity and Goodyear as to the scope of Travelers Indemnity's obligations to defend and indemnify Goodyear for Asbestos Premises Claims.

86.     A judicial declaration is necessary and appropriate at this time so that Goodyear and Travelers Indemnity may ascertain their rights, duties, and obligations under the Travelers Primary Policies in connection with Asbestos Premises Claims.  The issuance of declaratory relief will terminate some or all of the existing controversy between the parties.

87.     Goodyear seeks a determination that, pursuant to the terms of the Travelers Primary Policies, Travelers Indemnity has a duty to defend and indemnify Goodyear, for periods

after January 28, 2013, with respect to the Asbestos Premises Claims and any similar claims that

may be asserted against Goodyear in the future.

### SEVENTH CAUSE OF ACTION
**(Declaratory Judgment Against Travelers Casualty -- Duty to Provide Coverage for
Defense and Indemnity Costs for Asbestos Products Claims Under Aetna Umbrella Policy)**

88.    Goodyear hereby incorporates paragraphs 1 through 87 of this Complaint, as if

fully set forth herein.

89.    Goodyear seeks a declaratory judgment pursuant to 28 U.S.C. § 2201.  An actual

and justiciable controversy has arisen and now exists between Goodyear and Travelers Casualty

concerning Travelers Casualty's rights, duties, and obligations under the Aetna Umbrella Policy

in connection with the Asbestos Products Claims, and with respect to Travelers Casualty's rights,

duties, and obligations under the Aetna Umbrella Policy for similar such claims that Goodyear

reasonably anticipates will be brought against it in the future.  This controversy is of sufficient

immediacy and magnitude to justify the issuance of declaratory relief by this Court.

90.    Under the Aetna Umbrella Policy, Travelers Casualty is obligated to provide

coverage to Goodyear for defense and indemnity costs for the Asbestos Products Claims and

with respect to any and all similar such claims brought against Goodyear in the future.

91.    There is a dispute between Travelers Casualty and Goodyear as to the scope of

Travelers Casualty's obligations to provide coverage to Goodyear for defense and indemnity

costs for the Asbestos Products Claims under the Aetna Umbrella Policy.

92.    A judicial declaration is necessary and appropriate at this time so that Goodyear

and Travelers Casualty may ascertain their rights, duties, and obligations under the Aetna

Umbrella Policy.  The issuance of declaratory relief will terminate some or all of the existing

controversy between the parties.

93.     Goodyear seeks a determination that, pursuant to the terms of the Aetna Umbrella Policy, Travelers Casualty has an obligation to provide coverage to Goodyear for defense and indemnity costs for the Asbestos Products Claims and any similar claims that may be asserted against Goodyear in the future.

### EIGHTH CAUSE OF ACTION
**(Declaratory Judgment Against Travelers Indemnity -- Duty to Defend and Duty to Indemnify for Asbestos Products Claims Under Travelers Umbrella Policies)**

94.     Goodyear hereby incorporates paragraphs 1 through 93 of this Complaint, as if fully set forth herein.

95.     Goodyear seeks a declaratory judgment pursuant to 28 U.S.C. § 2201. An actual and justiciable controversy has arisen and now exists between Goodyear and Travelers Indemnity concerning Travelers Indemnity's rights, duties, and obligations under the Travelers Umbrella Policies in connection with the Asbestos Products Claims, and with respect to Travelers Indemnity's rights, duties, and obligations under the Travelers Umbrella Policies for similar such claims that Goodyear reasonably anticipates will be brought against it in the future. This controversy is of sufficient immediacy and magnitude to justify the issuance of declaratory relief by this Court.

96.     Under the Travelers Umbrella Policies, Travelers Indemnity has a duty to defend and to indemnify Goodyear with respect to the Asbestos Products Claims and with respect to any and all similar such claims brought against Goodyear in the future.

97.     There is a dispute between Travelers Indemnity and Goodyear as to Travelers Indemnity's obligations to defend and indemnify Goodyear for Asbestos Products Claims under the Travelers Umbrella Policies.

98.     A judicial declaration is necessary and appropriate at this time so that Goodyear and Travelers Casualty may ascertain their rights, duties, and obligations under the Travelers

18

Umbrella Policies.  The issuance of declaratory relief will terminate some or all of the existing controversy between the parties.

99.     Goodyear seeks a determination that, pursuant to the terms of the Travelers Umbrella Policies, Travelers Indemnity has a duty to defend and indemnify Goodyear with respect to the Asbestos Products Claims and any similar claims that may be asserted against Goodyear in the future.

## PRAYER FOR RELIEF

WHEREFORE, as to its First Cause of Action, Goodyear respectfully requests that the Court enter judgment against Travelers Casualty:

(a)     Awarding Goodyear actual money damages in excess of $75,000.00 according to proof at trial, plus interest according to law; and

(b)     Granting such other and further relief as the Court deems just and proper, including awarding Goodyear its attorneys' fees and costs incurred in connection with this suit.

WHEREFORE, as to its Second Cause of Action, Goodyear respectfully requests that the Court enter judgment against Travelers Indemnity:

(a)     Awarding Goodyear actual money damages in excess of $75,000.00 according to proof at trial, plus interest according to law; and

(b)     Granting such other and further relief as the Court deems just and proper, including awarding Goodyear its attorneys' fees and costs incurred in connection with this suit.

WHEREFORE, as to its Third Cause of Action, Goodyear respectfully requests that the Court enter judgment against Travelers Casualty:

(a)     Awarding Goodyear actual money damages in excess of $75,000.00 according to proof at trial, plus interest according to law; and

(b)     Granting such other and further relief as the Court deems just and proper, including awarding Goodyear its attorneys' fees and costs incurred in connection with this suit.

WHEREFORE, as to its Fourth Cause of Action, Goodyear respectfully requests that the Court enter judgment against Travelers Indemnity:

(a)     Awarding Goodyear actual money damages in excess of $75,000.00 according to proof at trial, plus interest according to law; and

(b)     Granting such other and further relief as the Court deems just and proper, including awarding Goodyear its attorneys' fees and costs incurred in connection with this suit.

WHEREFORE, as to its Fifth Cause of Action, Goodyear respectfully requests that the Court enter judgment against Travelers Casualty:

(a)     Declaring that, pursuant to the terms of the Aetna Primary Policies, Travelers Casualty has a duty to defend and indemnify Goodyear with respect to the Asbestos Premises Claims and any similar claims that may be asserted against Goodyear in the future; that Travelers Casualty is liable to defend and to pay the sums that Goodyear becomes obligated to pay, through judgment, settlement, or otherwise, with respect to the Asbestos Premises Claims and any similar claims that may be asserted against Goodyear in the future; and that this coverage obligation is subject only to the upper limits of liability (if any) expressly and unambiguously stated in the Aetna Primary Policies; and

(b)     Granting such other and further relief as the Court deems just and proper, including awarding Goodyear interest as well as its attorneys' fees and costs incurred in connection with this suit.

WHEREFORE, as to its Sixth Cause of Action, Goodyear respectfully requests that the Court enter judgment against Travelers Indemnity:

(a)     Declaring that, pursuant to the terms of the Travelers Primary Policies, Travelers Indemnity has a duty to defend and indemnify Goodyear with respect to the Asbestos Premises Claims and any similar claims that may be asserted against Goodyear in the future; that Travelers Indemnity is liable to defend and to pay the sums that Goodyear becomes obligated to pay, through judgment, settlement, or otherwise, with respect to the Asbestos Premises Claims and any similar claims that may be asserted against Goodyear in the future; and that this coverage obligation is subject only to the upper limits of liability (if any) expressly and unambiguously stated in the Travelers Primary Policies; and

(b)     Granting such other and further relief as the Court deems just and proper, including awarding Goodyear interest as well as its attorneys' fees and costs incurred in connection with this suit.

WHEREFORE, as to its Seventh Cause of Action, Goodyear respectfully requests that the Court enter judgment against Travelers Casualty:

(a)     Declaring that, pursuant to the terms of the Aetna Umbrella Policy, Travelers Casualty has an obligation to provide coverage for defense and indemnity costs for Goodyear with respect to the Asbestos Products Claims and any similar claims that may be asserted against Goodyear in the future; that Travelers Casualty is liable to pay defense costs and to pay the sums that Goodyear has or will become obligated to pay, through judgment, settlement, or otherwise, with respect to the Asbestos Products Claims and any similar claims that may be asserted against Goodyear in the future; and that this coverage obligation is subject only to the upper limits of liability (if any) expressly and unambiguously stated in the Aetna Umbrella Policy; and

(b)     Granting such other and further relief as the Court deems just and proper, including awarding Goodyear interest as well as its attorneys' fees and costs incurred in connection with this suit.

WHEREFORE, as to its Eighth Cause of Action, Goodyear respectfully requests that the Court enter judgment against Travelers Indemnity:

(a)     Declaring that, pursuant to the terms of the Travelers Umbrella Policies, Travelers Indemnity has a duty to defend and indemnify Goodyear with respect to the Asbestos Products Claims and any similar claims that may be asserted against Goodyear in the future; that Travelers Indemnity is liable to defend and to pay the sums that Goodyear has or will become obligated to pay, through judgment, settlement, or otherwise, with respect to the Asbestos Products Claims and any similar claims that may be asserted against Goodyear in the future; and that this coverage obligation is subject only to the upper limits of liability (if any) expressly and unambiguously stated in the Travelers Umbrella Policies; and

(b)     Granting such other and further relief as the Court deems just and proper, including awarding Goodyear interest as well as its attorneys' fees and costs incurred in connection with this suit.

## JURY TRIAL DEMANDED

Goodyear requests a trial by jury on all issues so triable.

Respectfully submitted,

BROUSE McDOWELL

/s/  Amanda M. Leffler
Paul A. Rose (0018185)
Amanda M. Leffler (0075467)
Kerri L. Keller (0075075)
388 South Main Street
Akron, Ohio 44311-4407
Tel.: (330) 535-5711
Fax: (330) 535-5711
prose@brouse.com
aleffler@brouse.com
kkeller@brouse.com

*Pro Hac Vice Forthcoming:*

Of Counsel:

Anna P. Engh
Sarah M. Hall
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 2004-2401
Tel: (202) 662-6000
Fax: (202) 662-2691
aengh@cov.com
shall@cov.com

Keven Drummond Eiber (0043746)
600 Superior Avenue East
Suite 1600
Cleveland, Ohio  44114
Tel: (216) 830-6830
Fax: (216) 830-6807
keiber@brouse.com